UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD CARL MUELLER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CA NO.: 18-cv-01229 (CJN) |
| v. | ) ) ) | |
| SYRIAN ARAB REPUBLIC | ) ) ) | |
| Defendant | ) ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING ON TORT LIABILITY**

On January 31, 2023, this Court ordered Plaintiffs "to submit supplemental briefing that articulates the justification for such recovery through the lens of civil tort liability." ECF 32 at 27-28 (quotation omitted). Specifically, "[f]or each claim alleged in the Complaint, the briefing should address its elements, the evidence that satisfies each element, and which Plaintiff can recover for that claim." *Id.* Plaintiffs hereby submit this ordered briefing, organized by Plaintiff, then by tort.

This Court has repeatedly held defendant state-sponsors of terrorism liable for wrongful death, assault, battery, intentional infliction of emotion distress ("IIED"), and false imprisonment, where those defendants provided material support for acts satisfying the elements of those torts. *See e.g. Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 132-33 (D.D.C. 2019); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-401 (D.D.C. 2015); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 83-87 (D.D.C. 2017). This Court has already found that Plaintiffs have satisfied the causation requirements of 28 U.S.C. § 1605A in that "[1] Syria's aid to ISIS was at least a substantial factor in the sequence of events that led to

Kayla's hostage taking, torture, and extrajudicial killing" and "[2] the actions of ISIS were reasonably foreseeable to Syria." ECF 32 at 22-24 ("As Dr. Levitt put it, '[t]here is no question—absolutely no question that the Assad regime knew; expected; wanted the Islamic State to engage in acts of abhorrent violence [such as those inflicted on Ms. Mueller] . . . .'") (internal citation omitted). Accordingly, Defendant Syrian Arab Republic ("Syria") is liable for ISIS's treatment of Kayla Mueller and her family where that treatment satisfies those elements of torts enumerated in "well-established principles of law, such as those found Restatement (Second) of Torts and other leading treatises, as well as those principles that have been adopted by the majority of state jurisdictions." ECF 32 at 27 (quoting Memorandum Op., *Encinas v. Islamic Republic of Iran*, No. 18-cv-02568 (CJN), ECF 28 at 21-22 (D.D.C. Feb. 28, 2022)).

## I. The Claims of Kayla's Estate

Kayla Mueller's parents Robert Carl Mueller and Marsha Jean Mueller "are suing both in their personal capacities and in their capacities as the co-personal representatives of Kayla's estate." ECF 32 at 2. In general, "[t]he estate of a decedent may bring a wrongful death action, as well as 'survival actions.'" *Est. of Parhamovich v. Syrian Arab Republic*, No. 17-CV-61 (GMH), 2022 WL 18071921, at *12 (D.D.C. Dec. 28, 2022) (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 77 (D.D.C. 2010)). Survival actions are those that "accrued in a decedent's favor before [her] death that may be brought after [her] death by [her] estate." *Id*. Where a hostage is killed rather than released, this Court categorizes as "survival actions" the torts of assault, battery, false imprisonment, and intentional infliction of emotional distress. *Wachsman ex rel. Wachsman v. Islamic Republic of Iran*, 603 F. Supp. 2d 148, 159 (D.D.C. 2009).

Additionally, given ISIS and Abu Bakr al-Baghdadi's sexual slavery of Kayla, ECF 32 at 16, it must be noted that while the "first Restatement and the Restatement Second of Torts did not contain a separate provision concerning consent to sexual conduct . . . almost all reported

2

cases of liability for nonconsensual sexual acts involve liability for battery" and "a defendant might also be liable for assault, false imprisonment, or intentional infliction of emotional distress if the requirements of the applicable tort are satisfied." Restatement (Third) of Torts: Inten. Torts to Persons § 18 TD No 6 (2021). As discussed below, those requirements are all satisfied by the facts found by this Court.

1. **Wrongful Death**

Wrongful death liability arises "upon establishing that the defendants caused her death." *Ben-Yishai v. Syrian Arab Republic*, No. 18-CV-3150 (RCL), 2022 WL 17250344, at *9 (D.D.C. Nov. 28, 2022) (quoting *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 79 (D.D.C. 2017) (citing Restatement (Second) of Torts § 925)). This Court "has previously determined that a decedent's heirs at law, through the decedent's estate, may bring a wrongful death action under section 1605A(c) 'for economic losses which result from a decedent's premature death.'" *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 400 (D.D.C. 2015) (quoting *Valore*, 700 F. Supp. 2d at 78). Moreover, "[w]here defendants are liable for a decedent's extrajudicial killing, as these defendants are, they may be held 'liable for the economic damages caused to decedents' estates.'" *Id.* (quoting same); *see also Ben-Yishai*, 2022 WL 17250344, at *9 ("Because the defendants materially supported the PIJ in carrying out the attack, they are liable to Shoshana's estate."). This Court has already found that Syria caused Kayla Mueller's execution through its material support of ISIS. ECF 32 at 16, 22-24. Accordingly, Defendant Syria is liable to the Estate of Kayla Mueller for economic damages resulting from her untimely death at the hands of ISIS.

2. **Assault**

A defendant "has committed an assault if 'he acts intending to cause a harmful or offensive contact with [a] person, or an imminent apprehension of such a contact' and the person is 'thereby put in such imminent apprehension.'" *Sutherland v. Islamic Republic of Iran*, 151 F. Supp. 2d 27, 48 (D.D.C. 2001) (quoting Restatement (Second) of Torts § 21(1)). This Court has already found that ISIS, with the critical material support of Syria, repeatedly subjected Kayla Mueller to treatment that would put her in imminent apprehension of harmful or offensive contact, including during her abduction at gunpoint, ECF 32 at 14, and torture—which included sexual abuse and death threats, ECF 32 at 16, 21, and that Defendant intended for such acts of "abhorrent violence" to result from their material support of ISIS. ECF 32 at 22-24.

It is well established that "hostages who are tortured or threatened 'withst[and] a continuous ... tortious assault' that infects every moment of their captivity." *Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 132–33 (D.D.C. 2019) (quoting *Sutherland*, 151 F. Supp. 2d 27 at 48). Additionally, Kayla was put in such imminent apprehension of harmful or offensive contact. Affidavit of Joshua K Perles at Ex. D at 16 (Kayla lived "in constant fear and threats of harm"). Accordingly, Defendant Syria is liable to the Estate of Kayla Mueller for the tort of assault.

3. **Battery**

A defendant has committed battery when ""he acts intending to cause a harmful or offensive contact with [a] person", and a "harmful contact with the person ... directly or indirectly results." *Sutherland v. Islamic Republic of Iran*, 151 F. Supp. 2d 27, 48 (D.D.C. 2001) (quoting Restatement (Second) of Torts, § 13 (1965)). This Court has already found that Kayla Mueller repeatedly suffered harmful or offensive contact, including during her abduction,

torture, rape, and execution, ECF 32 at 16, 21, and that Defendant intended for such acts of "abhorrent violence" to result from their material support of ISIS. ECF 32 at 22-24. This Court has previously found state-sponsors of terrorism liable for the tort of battery where terrorists, with their material support, commit acts of sexual assault, *Allan v. Islamic Republic of Iran*, 2018 WL 11358774 (D.D.C. 2018) (pagination unavailable), and killing, *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 400 (D.D.C. 2015) ("Malka was killed by the bombing. Thus, she was met with a 'harmful contact.'"). Accordingly, Defendant Syria is liable to the Estate of Kayla Mueller for the tort of battery.

    **4. False Imprisonment**

A defendant is "liable for false imprisonment when: '(a) he acts intending to confine [a person] within [fixed] boundaries[,] ... (b) his act directly or indirectly results in such a confinement of the other, and (c) the [victim] is conscious of the confinement or is harmed by it.'" *Abedini*, 422 F. Supp. 3d at 133 (quoting *Sutherland,* 151 F. Supp. 2d at 49 (quoting Restatement (Second) of Torts § 35)). This Court has already found that "Kayla was abducted by ISIS and held in captivity until her death," ECF 32 at 20, that Syria intended ISIS to commit "such acts of abhorrent violence" when it provided material support, ECF 32 at 24, and that Kayla was both conscious of and harmed by confinement, ECF 32 at 14-15 ("Kayla was held in a small, hot cell with other prisoners and given very little to eat," and "handcuffed, locker in [her] roo[m], and deprived of [her] freedom . . . ."). Accordingly, Defendant is liable to the Estate of Kayla Mueller for the tort of false imprisonment from the time of her abduction by "masked ISIS soldiers on August 4, 2013," ECF 32 at 14, until the time of her execution in February 2013, ECF 32 at 16.

**5. Intentional Infliction of Emotional Distress.**

"To establish IIED, the plaintiffs must show '(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress.'" *Wachsman*, 603 F. Supp. 2d at 156 (quoting *Turner v. District of Columbia*, 383 F. Supp. 2d 157, 180 (D.D.C. 2005) (quoting *Futrell v. Dep't of Labor Fed. Credit Union*, 816 A.2d 793, 808 (D.C. 2003)). This Court has repeatedly found that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Roth*, 78 F. Supp. 3d at 401 (quoting *Murphy v. Islamic Republic of Iran,* 740 F.Supp.2d 51, 74 (D.D.C. 2010) (quoting *Belkin v. Islamic Republic of Iran,* 667 F.Supp.2d 8, 22 (D.D.C. 2009)). More specifically, this Court has found "little difficulty concluding that being taken hostage *for several days* [let alone many months] would cause severe emotional distress." *Wachsman*, 603 F. Supp. 2d at 159 (emphasis added). In addition, a "forensic autopsy" of Kayla Mueller found that "[t]he kind of atrocities perpetrated on this young woman have little equivalent in words" and "[t]o say that Kayla suffered horribly is ultimately an understatement." Affidavit of Joshua K Perles at Ex. D at 16. There is no question that Kayla's abduction, torture, sexual slavery, and killing also meet the "extreme and outrageous" standard. *See* ECF 32 at 16, 21.

Next, not only did ISIS intend to cause Kayla severe emotional distress, ECF 32 at 20-22, but Defendant Syria intended ISIS to commit "such acts of abhorrent violence" when it provided material support, ECF 32 at 24. Finally, where a decedent is taken hostage and killed before being able to provide direct evidence of their subjective suffering, this Court has inferred actual suffering based on evidence of conditions that would cause emotional distress to any person. *See*

*Wachsman*, 603 F. Supp. 2d at 159. Accordingly, Defendant Syria is liable to the Estate of Kayla Mueller for the tort of intentional infliction of emotional distress.

## II.     The Claims of Kayla's Immediate Family Members

Kayla Mueller's father and mother, Robert Carl Mueller and Marsha Jean Mueller, as well as her brother, Eric Robert Mueller, (collectively "immediate family member Plaintiffs") all bring claims in their personal capacity as immediate family members of Kayla Mueller. ECF 32 at 2. In § 1605A cases, Immediate family members of a victim—spouses, parents, siblings, and children—may bring claims for intentional infliction of emotional distress. *Est. of Parhamovich*, 2022 WL 18071921, at *12 (quoting *Valore*, 700 F. Supp. 2d at 78-79). In the context of § 1605A, this Court has found "solatium" and intentional infliction of emotional distress claims to entirely overlap. *Est. of Parhamovich*, No. 17-CV-61 (KBJ/GMH), 2021 WL 6843587, at *14 (D.D.C. June 23, 2021). "Under the FSIA, a solatium claim is indistinguishable from an IIED claim" because "[s]olatium is awarded to compensate 'the mental anguish, bereavement[,] and grief that those with a close personal relationship to a decedent experience as the result of the decedent's death, as well as the harm caused by the loss of the decedent['s] society and comfort.'" *Id.* (quoting *Valore*, 700 F. Supp. 2d at 85).

### 1. Intentional Infliction of Emotional Distress

As with Estate of Kayla Mueller's claim for IIED, the immediate family member Plaintiffs must show "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *See supra* Part I.5.  For the reasons discussed in Part I.5 above, the first two elements—(1) extreme, outrageous and (2) intentional conduct on the part of the defendant—are satisfied.

7

The third element is satisfied in that the immediate family member Plaintiffs each suffered severe emotional distress as a result of Defendant's tortious conduct, as evidenced by the unimaginable suffering they attempted to describe in their sworn depositions. Affidavit of Joshua K. Perles at Ex. A, Ex. B, Ex. C.

Additionally, while the immediate family member Plaintiffs were not present at the time of Kayla's abduction, torture, and execution, the D.C. Circuit has found that presence is not a requirement of the tort of intentional infliction of emotional distress in these circumstances. *Owens v. Republic of Sudan*, 924 F.3d 1256, 1257 (D.C. Cir. 2019) (having certified the question to the D.C. Court of Appeals) (citing *Republic of Sudan v. Owens*, 194 A.3d 38, 39 (2018)). Accordingly, Defendant Syria is liable to each of the immediate family member Plaintiffs for the tort of intentional infliction of emotional distress.

## CONCLUSION

Defendant Syria is liable to the estate of Kayla Mueller for the torts of wrongful death, assault, battery, false imprisonment, and IIED, and to Plaintiffs Richard Carl Mueller, Marsha Jean Mueller, and Eric Robert Mueller for the tort of IIED. Accordingly, this Court should enter a default judgment against Syria as to liability in favor of all Plaintiffs, and order counsel for Plaintiffs to appear at a status conference before this Court to discuss their proposed course of action regarding the adjudication of damages.

Dated: February 21, 2023                                      Respectfully Submitted,

<u>/s/ Steven R. Perles</u>

Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
Joshua K. Perles (No. 1031069)
PERLES LAW FIRM, PC
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055

*Attorneys for Plaintiffs*