UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD CARL MUELLER, et al.,

*Plaintiffs*,

v.

SYRIAN ARAB REPUBLIC,

*Defendant*.

Civil Action No. 1:18-cv-01229 (CJN)

**MEMORANDUM OPINION**

Kayla Mueller, an American humanitarian aid worker, was kidnapped, tortured, and executed by ISIS. Claiming that the Syrian Arab Republic was responsible for Kayla's injuries and death, Kayla's mother, father, brother, and estate sued Syria under the state-sponsored terrorism exception of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1330, 1602 *et seq.* Syria failed to appear and the Muellers moved for default judgment as to liability. *See* Pls. Mot. for Def. J. as to Liability, ECF. No. 28.

The Court previously concluded that the Muellers had demonstrated most of the elements of their claims. *See* Mem. Op., ECF No. 32. But to finally decide the question of liability, the Court required further briefing on the third and fourth elements of the private right of action under the FSIA, which require plaintiffs to articulate a theory of recovery "through the lens of civil-tort liability." *See id.* at 26–28 (quoting *Encinas v. Islamic Republic of Iran*, No. 18-cv-02568, at 20 (D.D.C. Feb. 28, 2022)).

The Muellers filed the requested supplemental briefing. *See* ECF No. 33. Kayla's Estate asserts five possible claims for relief: an action for wrongful death and four survival actions for assault, battery, false imprisonment, and intentional infliction of emotional distress. *See id.* at 3–

1

7. Kayla's mother, father and brother each assert only one claim: intentional infliction of emotional distress. *See id.* at 7–8.

The Court now GRANTS the Mueller's Motion for Default Judgment as to Liability in part.

### 1.  Wrongful Death

Syria is liable for wrongful death if it caused Kayla's death. *See Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 79 (D.D.C. 2017) (citing Restatement (Second) of Torts § 925). Because the uncontroverted evidence establishes that Syria caused Kayla's death, *see* Mem. Op. at 22–24, Syria is also liable for the economic damages to her Estate caused by her premature death. *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 78 (D.D.C. 2010) ("A wrongful-death action . . . may be brought through the estate of the decedent . . . for economic losses which result from a decedent's premature death.").

### 2.  Assault

Syria is liable for assault if, when it provided material support for the hostage taking, torture, and extrajudicial killing of Kayla Mueller, it acted "intending to cause a harmful or offensive contact with . . . or an imminent apprehension of such a contact" by Kayla and she was "thereby put in such imminent apprehension." *See* Restatement (Second) of Torts § 21. The uncontroverted evidence establishes that Kayla received death threats and was subjected to routine sexual abuse while in ISIS's captivity, which is sufficient to establish that Kayla was put in imminent apprehension of harmful or offensive contact. *See, e.g.*, Ex. 24, ECF No. 28-28, at ¶¶ 10, 12. And by materially supporting ISIS with full knowledge that it was a terrorist organization, *see* Mem. Op. at 8–13, Syria acted with intent to cause harmful contact and the immediate apprehension thereof: "acts of terrorism are, by their very nature, intended to harm and to terrify by instilling fear of further harm," *see Fain v. Islamic Republic of Iran*, 856 F. Supp. 2d 109, 122–

23 (D.D.C. 2012); *see also Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 132 (D.D.C. 2019) ("By their very nature, torture and hostage taking subject the victim to 'imminent apprehension of harmful or offensive contact' at all times while in captivity." (citation omitted)). Syria is therefore liable to the Estate under this claim. *See Est. of Parhamovich v. Syrian Arab Republic*, No. 17-CV-61, 2022 WL 18071921, at *12 (D.D.C. Dec. 28, 2022) ("The estate of a decedent may bring a wrongful death action, as well as 'survival actions.'"); *Valore*, 700 F. Supp. 2d at 77 ("A survival action is one that accrued in a decedent's favor before [her] death that may be brought after [her] death by [her] estate; in other words, it is a claim that could have been brought by the decedent, had [she] lived to bring it.").

    3.    **Battery**

Syria is liable for battery if, when it provided material support for the hostage taking, torture, and extrajudicial killing of Kayla Mueller, it acted "intending to cause a harmful or offensive contact with . . . or an imminent apprehension of such a contact" by Kayla and "a harmful contact with" Kayla "directly or indirectly result[ed]." *See* Restatement (Second) of Torts § 13. Harmful contact is contact which results in "any physical impairment of the condition of another's body, or physical pain or illness." *Id.* § 15. The evidence of death threats, routine sexual abuse, and other forms of torture, *see* Mem. Op. at 14–16, "undeniably" establishes that Kayla suffered harmful contact, *see Abedini*, 422 F. Supp. 3d at 133. And again, Syria acted with intent to cause harmful contact by providing material support to ISIS, as acts of terrorism are, by their very nature, intended to harm and to terrify by instilling fear of such harm. *See Fain*, 856 F. Supp. 2d at 123. Syria is therefore liable to the Estate for battery. *See Est. of Parhamovich*, 2022 WL 18071921 at *12; *Valore*, 700 F. Supp. 2d at 77.

3

### 4. False Imprisonment

Syria is liable for false imprisonment if, when it provided material support for the hostage taking of Kayla Mueller, it acted "intending to confine" Kayla "within boundaries fixed by the actor," its acts "directly or indirectly result[ed]" in her confinement, and Kayla "[was] conscious of the confinement or [was] harmed by it." Restatement (Second) of Torts § 35. The evidence shows that, with Syria's material support, ISIS kidnapped Kayla and moved her between several ISIS prisons and other custodians for over a year until her death. Mem. Op. at 14–16. While imprisoned by ISIS, Kayla faced death threats and routine sexual abuse. *Id.* And Syria intended such acts of terrorism to occur as a result of its material support of ISIS. *See id.* at 24. Syria is therefore liable to the Estate for false imprisonment from the time of her abduction in August 2013 until her death in February 2015. *See Est. of Parhamovich*, 2022 WL 18071921 at *12; *Valore*, 700 F. Supp. 2d at 77.

### 5. Intentional Infliction of Emotional Distress

Syria is liable for intentional infliction of emotional distress if, "by extreme and outrageous conduct," Syria "intentionally or recklessly cause[d] severe emotional distress to" Kayla. *See Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 26 (D.D.C. 2009) (quoting Restatement (Second) of Torts § 46). Syria's material support of the hostage taking, torture, and extrajudicial killing was outrageous conduct that—at least recklessly—caused Kayla severe emotional distress. *See* Mem. Op. at 20–24; Ex. D., ECF No. 33-1 (psychological autopsy). The Court easily concludes that the Estate can recover under this claim. *See Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 401 (D.D.C. 2015) ("Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress."). *See Est. of Parhamovich*, 2022 WL 18071921 at *12; *Valore*, 700 F. Supp. 2d at 77.

4

Syria is also liable to Kayla's immediate family members for intentional infliction of emotional distress. *See Est. of Parhamovich*, 2022 WL 18071921 at *12 ("Immediate family members of a victim—spouses, parents, siblings, and children—may bring claims for intentional infliction of emotional distress." (citing *Valore*, 700 F. Supp. 2d at 78–79)). The Muellers suffered immensely as a result of Kayla's treatment, both during Kayla's captivity and after. The depositions of Marsha, Richard, and Eric reveal that they experienced nightmares, lack of sleep, emotional distress, health problems, financial stress, and panic attacks. *See* Exs. A–C, ECF. No 33-1 (depositions). And although "[t]he scope of recovery under this theory" is usually limited to immediate family members who were present at the time of the tortious conduct, *see Encinas*, *supra*, at 23, presence is not required in emotional distress claims arising from terrorist attacks, *see Owens v. Republic of Sudan*, 924 F.3d 1256, 1257 (D.C. Cir. 2019) (citing *Republic of Sudan v. Owens*, 194 A.3d 38, 39 (D.C. 2018)).

## CONCLUSION

For the foregoing reasons, the Motion for Default Judgment as to Liability is GRANTED in part. Syria is liable to the Estate of Kayla Mueller for wrongful death (Count I), battery (Count II), assault (Count III), false imprisonment (Count IV), and intentional infliction of emotional distress (Count V). *See* Compl. at ¶ 51–62, ECF No. 1. Syria is also liable to Richard, Marsha, and Eric Mueller for intentional infliction of emotional distress. *Id.* ¶ 60–62 (Count V). The Court declines to address the claims for generic survival damages (Count VI), conspiracy (Count VII), or aiding and abetting (Count VIII), *see id.* ¶ 63–70, because these claims are not addressed in any of the briefing before the Court.

Finally, the Muellers are directed to file either briefing as to damages or a motion for the appointment of a special master to calculate damages.

An appropriate order will follow.

DATE: April 11, 2023

_____
CARL J. NICHOLS
United States District Judge