UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD CARL MUELLER, *et al*,

    *Plaintiffs*,

v.

SYRIAN ARAB REPUBLIC,

    *Defendant*.

Civil Action No. 1:18-cv-01229 (CJN)

**MEMORANDUM OPINION**

    Before the Court is Plaintiffs' Motion for an Order Under 28 U.S.C. § 1610(c). ECF No. 49 (Mot.). Plaintiffs request an order authorizing enforcement of the final judgment in the amount of $414,256,561.86, ECF No. 40, which was served on Defendant through diplomatic channels on September 24, 2024, ECF No. 47. For the reasons that follow, the Court grants the motion.

## I. Background

    Kayla Mueller, an American humanitarian aid worker, was kidnapped, tortured, and executed by ISIS. ECF No. 33 (Jan. 2023 Mem. Op.) at 1. Claiming that the Syrian Arab Republic was responsible for Kayla's injuries and death, Kayla's mother, father, brother, and estate (together, the Muellers) sued Syria under the state-sponsored terrorism exception of the Foreign Sovereign Immunities Act. *Id.*; 28 U.S.C. §§ 1330, 1602 *et seq*. Syria failed to appear and the Muellers moved for default judgment as to liability. ECF No. 28. The Court granted the motion in part on April 11, 2023. ECF No. 34 (April 2023 Mem. Op.). Specifically, the Court found Syria liable for counts one through five of the Muellers' complaint: wrongful death, assault, battery, false imprisonment, and intentional infliction of emotional distress. *Id.* at 2–5; *see also* ECF No. 1 at ¶¶ 49–62.

1

The Court then appointed a Special Master to evaluate the Muellers' damages claims and to file a report and recommendation with the Court. ECF No. 37 at 1. The Special Master filed its report on June 7, 2024. ECF No. 38. Upon consideration of that report and the Muellers' motion to adopt its findings, the Court entered final judgment on June 25, 2024, awarding the Muellers $138,085,520.62 in compensatory damages and $276,171,041.24 in punitive damages, for a total award of $414,256,561.86, to be distributed as follows:

| Plaintiff | Pain and Suffering | Solatium | Economic | Punitive |
|---|---|---|---|---|
| Estate of Kayla Mueller | $107,244,767.89 | | $1,173,301.30 | $216,836,138.38 |
| Marsha Mueller | | $12,276,186.80 | | $24,552,373.60 |
| Carl Mueller | | $12,276,186.80 | | $24,552,373.60 |
| Eric Mueller | | $5,115,077.83 | | $10,230,155.66 |

ECF No. 40 (Final Judgment) at 1.

The Court further ordered that Syria would be liable for the entire $414,256,561.86, and that the Muellers should "forthwith, at their own expense and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment this date to defendant." *Id.* at 2. the Muellers served copies of the judgment and related papers together with a translation of each through the Clerk of the Court and by State Department delivery to the Syrian Ministry of Foreign Affairs on September 24, 2024. *See* ECF Nos. 41–44, 47. Since that service, over 14 months have passed without payment or response by Syria. Believing that a "reasonable period of time" has thus elapsed since "the receipt of notice by a foreign sovereign" of the judgment against it, the

Muellers request that the Court authorize post-judgment enforcement against Syria pursuant to 28 U.S.C. § 1610(c).  Mot. at 2–4.

## II.   Analysis

Before a court can issue an order under § 1610(c), it must determine "that a reasonable period of time has elapsed following the entry of judgment" and that "any notice required under section 1608(e)" has been given.  Both requirements are satisfied here.

Section 1610(c) provides no express guidance on how to assess whether a period is "reasonable."  *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015).  Courts have considered "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment."  *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C.2001).  Although the necessary interim "will of course vary according to the nuances of each case," *id.*, courts have found anywhere from six weeks to a year to be a reasonable time since entry of judgment.  *See id.* (six weeks); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 269 (D.D.C. 2011) (one year).  Here, more than a year has passed since judgment was first entered in the Muellers' favor.  "In the absence of any evidence that [a defendant is] making efforts to pay [the judgment] voluntarily—and there is none here—the Court is inclined to find" that "a reasonable period of time has elapsed."  *Owens*, 141 F. Supp. 3d at 9; 28 U.S.C. § 1610(c).

As to notice, the State Department reports that it delivered copies of all the relevant documents to the Foreign Interests Section of the Embassy of the Czech Republic in Damascus, which in turn delivered them to Syria's Ministry of Foreign Affairs on September 24, 2024.  ECF

No. 47 at 1.[1]  Such service suffices to establish "the giving of any notice" required by §§ 1610(c) and 1608(e).  *See Agudas Chasidei Chabad*, 798 F. Supp. 2d at 269 (finding that a foreign sovereign "ha[d] been properly served with [a] default judgment" after delivery by the State Department).

Based on the representations in the Muellers' Motion and the record, the Court finds that the Muellers have given Syria proper notice of the Court's Final Judgment and that a reasonable period of time has elapsed since the entry of that judgment.  The Court will therefore issue an order under § 1610(c) authorizing the attachment and execution of the judgment.  A separate Order will issue contemporaneously.

DATE:  December 2, 2025

CARL J. NICHOLS
United States District Judge

---

[1] Those relevant documents were the Final Judgment, the Report and Recommendation of the Special Master Regarding Compensatory Damages, an unspecified Order, the Memorandum Opinions of January 31 and April 11, 2023, and a Notice of Default Judgment prepared by Plaintiffs.  *See* ECF No. 47 at 1, 8.